UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
OCT 1 8 2022
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No: 1:22-cr-0087-JPH-DML |
| DEONDRE PERRY<br>  a/k/a Dre, | ) ) ) | -01 |
| BROOKE WOODS, | ) | -02 |
| BRITTINA JONES<br>  a/k/a Tina, | ) ) | -03 |
| RHONDA MUNCY, | ) | -04 |
| ELIJAH CONN<br>  a/k/a Whiteboy Eli a/k/a Eli, | ) ) | -05 |
| GEORGE MUNCY, | ) ) | -06 |
| Defendants. | ) | |

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT ONE

### Conspiracy to Distribute Controlled Substances – 21 U.S.C. § 846

The Grand Jury charges that:

From on or about Spring 2021 through June 2, 2022, in the Southern District of Indiana, and elsewhere, DEONDRE PERRY a/k/a Dre, BROOKE WOODS, BRITTINA JONES a/k/a Tina, RHONDA MUNCY, ELIJAH CONN a/k/a Whiteboy Eli a/k/a Eli, and GEORGE MUNCY, did knowingly and intentionally conspire together and with other persons, known and unknown to

1

the Grand Jury, to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

## OBJECT OF THE CONSPIRACY

The charged conspiracy had the following object: the possession with intent to distribute and the distribution of 100 grams or more of a mixture or substance containing a detectable amount of P-fluorofentanyl, an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), and 400 grams or more of fentanyl, a Schedule II, Narcotic controlled substance.

## MANNER AND MEANS

The charged conspiracy operated in the following manner:

1. DEONDRE PERRY was the leader of a drug trafficking organization that distributed fentanyl and P-fluorofentanyl in the Indianapolis metropolitan area.

2. PERRY distributed these substances in the form of pills that contained some combination of fentanyl and P-fluorofentanyl (hereinafter "fentanyl pills"), which were shipped to the Indianapolis area by commercial shipping facilities.

3. DEONDRE PERRY supervised the distribution of these fentanyl pills, and then coordinated the shipment of proceeds back to the fentanyl source.

4. DEONDRE PERRY was assisted in these activities by BROOKE WOODS, who assisted DEONDRE PERRY by receiving the fentanyl pill shipments, as well as by counting/repackaging the fentanyl pills, and, on occasion, delivering the fentanyl pills to customers of the organization.

5. BRITTINA JONES participated in the fentanyl distribution activities by receiving packages of fentanyl pills, and by distributing the fentanyl pills to customers of the organization.

6. RHONDA MUNCY participated in the fentanyl distribution activities by counting/repackaging the fentanyl pills, receiving packages of fentanyl pills, and by shipping the fentanyl proceeds back to the source of supply.

7. ELIJAH CONN participated in the fentanyl distribution activities by receiving fentanyl pills from DEONDRE PERRY, which he then sold to others, and also by distributing DEONDRE PERRY's fentanyl pills at PERRY's direction.

8. GEORGE MUNCY participated in the fentanyl distribution activities by receiving the fentanyl pill packages on occasion, as well as by storing fentanyl pills and drug proceeds for DEONDRE PERRY.

9. Members of the conspiracy frequently communicated with each other via cellular phone in order to facilitate the ongoing distribution of the fentanyl pills.

**OVERT ACTS**

In furtherance of the conspiracy and to accomplish the object of the conspiracy, the members of the conspiracy did commit, among others, the following overt acts:

1. On March 25, 2021, RHONDA MUNCY and DEONDRE PERRY communicated via text message; in these messages, DEONDRE PERRY instructed RHONDA MUNCY to count a quantity of fentanyl pills so that DEONDRE PERRY could then sell the pills.

2. On April 1, 2021, DEONDRE PERRY communicated via text message with one of his fentanyl pill customers; in these messages, the customer requested to purchase 50 fentanyl pills from PERRY, and PERRY agreed to this sale.

3. On August 20, 2021, DEONDRE PERRY communicated via text message with one of his fentanyl pill customers; in these messages, the fentanyl pill customer requested 200 fentanyl pills.

4. On September 15, 2021, BROOKE WOODS and DEONDRE PERRY communicated via text message; in these messages, DEONDRE PERRY instructed WOODS to bring 4,000 fentanyl pills to a customer of PERRY's, and WOODS did so.

5. On September 21, 2021, GEORGE MUNCY and DEONDRE PERRY communicated via text message; in these messages, GEORGE MUNCY informed PERRY that PERRY had 100 fentanyl pills at a particular location, which PERRY needed to retrieve.

6. On October 8, 2021, BROOKE WOODS and DEONDRE PERRY communicated via text message; in these messages, PERRY instructed WOODS to bring PERRY 950 fentanyl pills, so that PERRY could sell those pills.

7. On January 28, 2022, BRITTINA JONES communicated with DEONDRE PERRY via text message to communicate JONES' intention to sell 200 fentanyl pills.

8. On February 14, 2022, DEONDRE PERRY communicated with his source of fentanyl, and sent the source GEORGE and RHONDA MUNCY's home

4

address, so that the source of fentanyl could send a box of fentanyl pills to that address for DEONDRE PERRY's benefit.

9. On or about February 18, 2022, DEONDRE PERRY's source of supply mailed DEONDRE PERRY a package of fentanyl pills (containing 1,040 grams of a mixture or substance containing a detectable amount of fentanyl) to GEORGE and RHONDA MUNCY's address; this package was seized by law enforcement before its arrival at GEORGE and RHONDA MUNCY's address.

10. On February 21, 2022, BROOKE WOODS and DEONDRE PERRY communicated via text message; in these messages, WOODS obtained information about how much 5,000 fentanyl pills would cost a customer that wanted to buy the pills.

11. On April 8, 2022, BRITTINA JONES and DEONDRE PERRY communicated via text message about PERRY's need to obtain a box of fentanyl pills that had arrived for him; JONES communicated that RHONDA MUNCY would have GEORGE MUNCY bring the box to PERRY.

12. On May 5, 2022, ELIJAH CONN communicated via text message with a fentanyl customer, and agreed to provide 100 fentanyl pills to the customer.

13. On May 19, 2022, GEORGE MUNCY and DEONDRE PERRY communicated via text message; in these messages, GEORGE MUNCY informed PERRY that a package of fentanyl pills had arrived for PERRY.

14. On May 25, 2022, ELIJAH CONN distributed fentanyl pills to a customer in Greenwood, Indiana.

15. On June 1, 2022, DEONDRE PERRY and BROOKE WOODS possessed approximately 1,100 grams of fentanyl at their Greenwood, Indiana residence in the form of pills which contained both fentanyl and a fentanyl analogue, which were possessed with the intent to distribute to others.

16. On June 1, 2022, DEONDRE PERRY and BROOKE WOODS possessed firearms at their Greenwood, Indiana residence, to include a Micro Draco Century Arms pistol, for the protection of themselves and their fentanyl pills.

17. On June 2, 2022, BRITTINA JONES transported approximately 400 grams of fentanyl pills to a location in Indianapolis, Indiana, with the intent to distribute them at a later date.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
**Unlawful Use of Communication Facility**
**21 U.S.C. § 843(b)**

On or about September 21, 2021, within the Southern District of Indiana, GEORGE MUNCY, defendant herein, did knowingly and intentionally use a communication facility in facilitating the commission of an act constituting a felony under the Controlled Substances Act; to-wit, the distribution of a controlled substance, all in violation of Title 21, United States Code, Section 843(b).

## COUNT THREE
## Possession With Intent to Distribute Fentanyl Analogue
## 21 U.S.C. § 841(a)(1)

On or about June 1, 2022, within the Southern District of Indiana, Indianapolis Division, DEONDRE PERRY, defendant herein, did knowingly and intentionally possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of P-fluorofentanyl, an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II, Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR
## Possession of a Firearm in Furtherance of a Drug Trafficking Crime
## 18 U.S.C. § 924(c)

On or about June 1, 2022, in the Southern District of Indiana, DEONDRE PERRY, defendant herein, did knowingly possess a firearm, that is, a Micro Draco Century Arms pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the possession with intent to distribute fentanyl analogue on or about June 1, 2022; all in violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE

1. The allegations in Counts 1 through 4 of this indictment are realleged as if fully set forth here, for the purpose of alleging forfeiture pursuant

to Title 21, United States Code, Section 853, and Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c).

2. If convicted of the offenses set forth in Counts 1 through 3, the defendants herein, shall forfeit to the United States any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offenses of which he is convicted, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses of which he is convicted. Pursuant to Title 21, United States Code, Section 853 and Rule 32.2(e) of the Federal Rules of Criminal Procedure, such property includes any property constituting proceeds of the offenses of conviction that has not yet been located and identified by the United States.

3. Pursuant to Title 21, United States Code, Section 853(p), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in paragraph 2, if, by any act or omission of the defendant, the property described in paragraph 2, or any portion thereof:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty.

In keeping with the foregoing, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other

property of the defendants up to the value of all forfeitable property as described above in Paragraph 2.

4. If convicted of any of the offense set forth in Count 4, the Deondre PERRY, defendant herein, shall also forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm, ammunition or magazine involved in or used in any of the offenses of which he is convicted including but not limited to:

    a. One Micro Draco Century Arms pistol;

    b. One FNH 5.7 mm pistol;

    c. One Glock .40 caliber pistol;

    d. Any ammunition associated with the offense.

5. In addition, the United States may seek civil forfeiture of the property described above in paragraph 4 pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

ZACHARY A. MYERS
United States Attorney

By: _____
Michelle P. Brady
Kelsey L. Massa
Assistant United States Attorneys
NJL

9